Arthur J. Abrams, J.
This is a petition filed under article 7 of the Family Court Act wherein it is alleged on personal knowledge and upon information and belief that the respondent did knowingly and unlawfully possess a narcotic drug consisting of one-quarter ounce or more of cannabis; to wit, respondent did possess and have under her control a plastic bag containing cannabis sativa, a narcotic drug commonly termed marihuana, whose total aggregate weight was 26.9 grams or 0.94 ounces which act if perpetrated by an adult would constitute the crime of criminal possession of a dangerous drug in the fourth degree, contrary to section 220.15 (subd. 2, par. [b], cl. [ii]) of the Penal Law of the State of New York.
Respondent’s counsel has moved to dismiss the petition on either of two grounds, to wit:
1. That the Federal Government has usurped the prosecution of cases of this nature or,
2. That the complaint is legally insufficient. The petitioner has submitted an affirmation in opposition.
As to the first of the respondent’s two contentions, it is quite clear that the Federal Government in no way intended to usurp the prosecution of narcotic and dangerous drug cases. Section ' 903 of title 21 of1 the United States Code entitled- “ Application of State Law,” reads as follows: “No provision of this sub-chapter shall be construed as indicating an intent on the part of Congress to occupy the field in which that provision operates, including criminal penalties, to the exclusion of any State law on the same subject matter which would otherwise be within the authority of the State, unless there is a positive conflict between that provision of this subchapter and that State law so that the two cannot consistently stand together.” Thus, the court fully concurs with the County Attorney that the State’s enforcement of matters of this nature has in no way been precluded by or reserved to the Federal Government.
The second of respondent’s two contentions is the more interesting. Section 220.00 of the Penal Law defines narcotic drug “ as meaning any drug, article or substance declared to be 6 narcotic drugs ’ in section three thousand three hundred one of the public health law.” Subdivision 38 of section 3301 of the Public Health Law in defining “ narcotic ”, “ narcotics ” or “ narcotic drugs ” states in part that the same shall be as defined in the Federal narcotic law. A reading of subdivision (15) of section 802 of title 21 of the United States Code defines marihuana as meaning all parts of the plant cannabis sativa L., however, the *722 section states that the term does not include the mature stalks of such plant, etc. Subdivision (16) of section 802 of title 21 reads:
11 The term ‘ narcotic drug ’ means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination <of extraction and chemical synthesis:
“ (A) Opium, coca leaves and opiates.
“ (B) A compound, manufacturer, salt, derivative, or preparation of opium, coca leaves, or opiates.
“ (C) A substance (and any compound, manufacture, salt, derivative, or preparation thereof) which is chemically identical ■with any of the substances referred to in clause (A) or (B).”
Such term does not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecogonine.
It thus appears that not all cannabis sativa is marihuana. If the respondent were merely accused of possessing cannabis sativa, the issue would be whether she were, in fact, accused of possessing a narcotic drug. However, the petition states that the respondent knowingly and unlawfully possessed a narcotic drug and later defined cannabis sativa as a narcotic drug commonly termed marihuana. Therefore, what is really alleged is that the respondent has been accused of possessing that part of cannabis sativa which is defined as a narcotic drug. Whether that be the case or not is for the trial court to determine, but on its face, this court is satisfied that the petition states a cause of action and that the respondent has been made yvell aware of the illegal act that she has allegedly perpetrated.
In view of the above both parts of the respondent’s motion must be denied.